UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-62291-CIV-MORENO

MURAT BENJAMIN and VEONIE BENJAMIN,

    Plaintiffs,

vs.

CITIMORTGAGE, INC.,

    Defendant.
_____/

## FINAL ORDER OF DISMISSAL AND ORDER DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon the defendant's Motion to Dismiss (**D.E. No. 6**). Originally brought in state court as a one-count complaint arising under the Florida Deceptive and Unfair Business Practices Act ("FDUTPA"), this action involves two borrowers, Murat and Veonie Benjamin, suing CitiMortgage, Inc. ("CitiMortgage"), which is the loan servicer for the plaintiffs' home mortgage loan. Initially, the complaint was filed against both the loan servicer and Citibank, N.A. Citibank, N.A. has not been served with process and was dismissed from the case on April 29, 2013. The state court dismissed the plaintiffs' first FDUTPA complaint. D.E. No. 1-2 at pp. 21-22. The plaintiffs filed an amended complaint, which was subsequently removed by the defendant.

According to the amended complaint, on August 2, 2005 the borrowers executed a fixed rate note in favor of the lender, CitiFinancial Mortgage Company LLC, which held a recordable interest in the subject property. The plaintiffs resided at the subject property at the time the amended complaint was filed. The plaintiffs allege that on October 30, 2012, the lender recorded an assignment of the mortgage to the defendant. According to the amended complaint, the plaintiffs

never received a notice of transfer or assignment concerning either the ownership of, or the servicing rights to, the loan. The plaintiffs allege that they sent a "debt validation letter" and/or a "debt verification letter" to the defendant to determine the identity of the loan servicer and owner of the loan. The plaintiffs further allege that they sent a "qualified written request" to the loan servicer. The amended complaint states that the defendant failed to acknowledge, respond, or provide a complete and adequate response to this written correspondence. Finally, the plaintiffs allege that the note in question has been either paid in full by the borrowers and/or a third party.

The amended complaint contains six counts alleging violations of the Truth in Lending Act ("TILA"); violations of the Fair Debt Collection Practices Act ("FDCPA"); violations of the Real Estate Settlement Practices Act ("RESPA"); violations of FDUTPA; declaratory judgment; and quiet title. The defendant has moved for dismissal of all six claims or, in the alternative, for a more definite statement.

## Legal Standard

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). This tenet, however, does not apply to legal conclusions. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

## Count I: Truth in Lending Act

The Truth in Lending Act is a consumer protection statute that seeks to "avoid the uninformed use of credit" through the "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a). In addition to empowering the Federal Trade Commission to enforce its provisions, 15 U.S.C. § 1607(c), and imposing criminal liability on persons who wilfully and knowingly violate the statute, 15 U.S.C. § 1611, the TILA creates a private cause of action for actual and statutory damages for certain disclosure violations, 15 U.S.C. § 1640(a). *See Kissinger v. Wells Fargo Bank, N.A.*, 888 F. Supp. 2d 1309, 1311 (S.D. Fla. Aug. 30, 2012). In particular, § 1641(g)(1) reads as follows:

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> > (A) the identity, address, telephone number of the new creditor;
> > (B) the date of transfer;
> > (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> > (D) the location of the place where transfer of ownership of the debt is recorded; and
> > (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1602(g)(1). Count I of the amended complaint alleges that the plaintiffs never received notice of the assignment of ownership of their mortgage. In its motion to dismiss, the defendant first argues this claim is time-barred, citing the TILA's one-year statute of limitations. CitiMortgage claims that the limitations period began to run when the mortgage documents were executed. D.E. No. 6 at p. 5. However, the homeowners' claim is based on the defendant's alleged failure to notify them of the assignment of the mortgage as required by the statute. 15 U.S.C. § 1640(e) requires that an action be brought "within one year from the date of the occurrence of the violation." Here, the

-3-

violation is alleged to have occurred upon the transfer of the mortgage on October 30, 2012. D.E. No. 1-2 at ¶ 6. The amended complaint was timely filed based on the allegations contained therein.

The defendant next claims that the TILA count is inadequately alleged, claiming there were "no disclosures attached" to the amended complaint and no showing of how those disclosures were incorrect or in violation of the statute. D.E. No. 6 at pp. 5-6. This argument is improper at the motion to dismiss stage, and is puzzling given the essence of the plaintiffs' amended complaint: that no disclosures relating to the transfer and assignment of the mortgage were given.

Finally, the defendant argues that, as a loan servicer, it cannot be held liable under 15 U.S.C. § 1641(g). It is true that the TILA does not impose liability on servicers, but on "creditor[s] who fail[ ] to comply with any requirement imposed under ... section 1635 of this title [and] subsection (f) or (g) of section 1641."15 U.S.C. § 1640(a); *see also Davis v. Greenpoint Mortg. Funding, Inc.*, No. 1:09-cv-2719, 2011 WL 707221 at *3 (N.D.Ga. Mar. 1, 2011) (noting that 15 U.S.C. § 1692(f)(1) "limits a servicer's liability to situations in which the service was once an assignee or owner of the loan").

The plaintiffs acknowledge that the defendant is a loan servicer. The amended complaint also alleges in several places that the loan servicer is working as the third-party debt collector on behalf of an owner and/or holder of the plaintiffs' note and mortgage." D.E. No. 1-2 at ¶ 30; *see also* D.E. No. 1-2 at ¶ 43 . The plaintiffs have failed to clearly allege that the defendant is the owner of the debt itself. Accordingly, TILA does not provide a cause of action against the defendant for the conduct alleged. *See Khan v. The Bank of New York Mellon*, No. 12-60128-CIV, 2012 WL 1003509 at *3 ("Servicers have no liability for violations of TILA unless they are the current or former owners of the loan.") (Emphasis added). Because the plaintiffs have failed to adequately allege that

CitiMortgage is owner of the loan at issue, Count I of the amended complaint is DISMISSED.

## Count II: FDCPA Claim

In Count II, the plaintiffs assert that they are entitled to relief against the defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices. *See id*. The FDCPA's private-enforcement provision, § 1692k, authorizes any aggrieved person to recover damages from "any debt collector who fails to comply with any provision" of the FDCPA. § 1692k(a). *See Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1171 at n. 1 (Feb. 26, 2013). The plaintiffs allege that the defendant loan servicer (1) failed to acknowledge the Debt Validation Letter sent by the plaintiffs within the time period set forth by the FDCPA; (2) failed to respond to said letter; and (3) failed to provide a "full and complete" response to said letter. D.E. No. 1-2 at ¶ 26; *see also* 15 USC § 1692g (setting forth debt collector's obligations under the FDCPA upon receiving correspondence from a consumer in connection with the collection of any debt).

In order to state a claim under the FDCPA, the complaint must allege (1) that the plaintiff has been the object of collection activity arising from consumer debt; (2) that the defendant is a debt collector as defined by the FDCPA; and (3) that the defendant has engaged in an act or omission probited by the statute. *Nawab v. Bank of America*, No. 12-CV-130-J-32TBS, 2012 WL 2917852, at *1-2 (M.D. Fla. July 17, 2012). The defendant moves for dismissal of Count II on the grounds that the plaintiff has failed to allege the second prong.

The FDCPA removes from the definition of "debt collector" any person whose activity concerns a debt which was not in default at the time it was obtained by such person. *See* 15 U.S.C. § 1692a(6); *see also Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1308

(S.D.Fla.2009)("Under the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered `debt collectors,' as long as the debt was not in default at the time it was assigned."); *Bentley v. Bank of America, N.A.*, 773 F.Supp.2d 1367, 1371 (S.D.Fla. 2011)(same). Here, the plaintiffs have failed to allege that the subject debt was in default at the time it was transferred to the defendant loan servicer. *See, e.g.* D.E. No. 1-2 at ¶ 6. Accordingly, even though the plaintiffs allege that the defendant is a debt collector, CitiMortgage does not meet the definition provided by the FDCPA, which requires that the subject debt be in default at the time it was assigned to the defendant. Count II is DISMISSED.

### Count III: RESPA Claim

The plaintiffs next purport to assert a claim under the Real Estate Settlement Practices Act (12 U.S.C. § 2605), claiming that the conduct alleged in Count II is also a violation of the RESPA. However, the plaintiffs, who appear to have simply copied and pasted the allegations raised under the FDCPA count into Count III, have failed to plead actual or statutory damages under the RESPA. Instead, plaintiffs once again allege actual and intangible damages, which are a "direct and proximate result" of "the Loan Servicer's violation of the FDCPA [sic]." D.E. No. 1-2 at ¶ 35.

This is sloppy, shotgun-style pleading. The Court will not do the plaintiffs' work for them. *See Frazile v. EMC Mortg. Corp.*, 382 Fed. App'x 833, 836 (11th Cir. 2010) (per curiam) (stating that an allegation of damages is a necessary element of a claim under the RESPA); *see also See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001) (in which the court sought to avoid having district courts undergo the time-consuming process of "rearranging the pleadings and discerning whether the plaintiff has stated a claim, or claims, for relief, and whether the defendant's affirmative defenses are legally sufficient."). Because the plaintiffs have failed to allege damages based on the

defendant's alleged violations of RESPA, specifically, Count III is DISMISSED.

### Count IV: FDUTPA Claim

Florida's Unfair and Deceptive Trade Practices Act declares that "unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. Fla. Stat. § 501.204(1). "The Florida Supreme Court has noted that 'deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.' " *Zlotnick v. Premier Sales Group, Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt.*, Inc., 842 So.2d 773, 777 (Fla.2003)). Here, the plaintiffs put forth claims alleging that the defendants' debt collection efforts constituted such unfair or deceptive acts.

To state a claim under FDUTPA, a plaintiff must allege (1) a deceptive or unfair practice in the course of trade or commerce, (2) causation, and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). In its motion to dismiss, the defendant argues that even if a deceptive or unfair practice had been properly alleged, those practices are not in the course of trade or commerce.

The defendant points out that the "trade or commerce" requirement is often not met in cases dealing with borrowers alleging FDUTPA violations against mortgage servicers. *See Trent v. Mortgage Electronic Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1365 (M.D. Fla. 2007) (finding loan servicer did not "advertise, solicit, provide, offer or distribute" anything directly to the plaintiffs). To borrow from *Trent*'s analysis, even assuming the facts as pled establish that the defendant engaged in deceptive acts or unfair trade practices, the loan servicer's actions do not qualify as 'trade or commerce' under the Act. Under FDUTPA, 'trade or commerce' means:

> [A]dvertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. 'Trade or commerce' shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

Fla. Stat. § 501.203(8). In this case, as in *Trent*, the loan servicer did not "advertise, solicit, provide, offer or distribute" anything to the plaintiffs. According to the amended complaint, CitiMortgage merely obtained a legal interest in a mortgage note from a third party lender and proceeded to take efforts to enforce the terms of that mortgage. Even if the defendant were alleged to be a creditor or even an assignee of the debt, its activities do not meet FDUTPA's definition of "trade or commerce." *See Trent*, 618 F. Supp.2d at 1365.

Because the defendant's servicing of the mortgage did not fall within the purview of trade or commerce, the plaintiffs' Count IV FDUTPA claim is DISMISSED.

### Count V: Declaratory Relief

In Count V of the amended complaint, the plaintiffs allege they have a legitimate question as to who the proper loan servicer is. This allegation contradicts the first four counts of the amended complaint, which plainly acknowledge that the defendant is the loan servicer. *See, e.g.* D.E. 1-2 at pp. 1-2. The plaintiffs seek a declaration as to the defendant's right to receive payment from the plaintiff; the right to assess fees and costs; and the right to enforce the note and mortgage. The plaintiffs claim they are entitled to a declaratory judgment on the basis of their concern that the parties will pursue a foreclosure claim against them.

The federal Declaratory Judgment Act is "not an independent source of federal jurisdiction," *Schilling v. Rogers*, 363 U.S. 666, 677 (1960), and is "procedural only," *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937). The Florida Declaratory Judgment Act, on the other hand, is

substantive and remedial in nature. *Marco Island Cable, Inc. v. Comcast Cablevision of the South, Inc.*, 509 F. Supp. 2d 1158, 1160 (M.D. Fla.2007). Assuming the plaintiffs seek declaratory relief pursuant to the statute, they are required to show:

> a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

Fla. Stat. § 86.011. Florida courts "will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, [and] rest in the future." *Fla. Dep't of Ins. v. Guarantee Trust Life Ins. Co.*, 812 So.2d 459, 460–61 (Fla. 1st DCA 2002) (citations and internal quotations omitted). Again, a declaration by the Court is discretionary. *Travelers Ins. Co. v. Emery*, 579 So.2d 798, 800 (Fla. 1st DCA 1991).

Here, the plaintiffs appear to base their claim for declaratory relief on speculation that the defendant will pursue a foreclosure action against them. As the plaintiffs have not alleged that such an action has been brought in the Florida state courts, it seems that this claim's only basis is a hypothetical set of facts arising from a legal remedy not yet sought. Accordingly, the Court refuses to exercise its discretion and DENIES the plaintiffs' Count V claim for declaratory judgment.

### Count VI: Quiet Title

Finally, the Court turns to the plaintiffs' three-paragraph quiet title claim. In their amended complaint, the plaintiffs allege, conclusorily, that the subject mortgage is a cloud upon Plaintiffs' title

to the subject property, and that the underlying Note has been paid or the obligations and rights thereunder have been extinguished. Under Florida law, a complaint to quiet title to real property against an alleged cloud upon it should not only show title in the plaintiff to the land in controversy but also that a cloud exists before relief can be rendered against it. *Woodruff v. Taylor*, 118 So.2d 822, 822 (Fla. 2d DCA 1960) (citing *Stark v. Frayer*, 67 So.2d 237 (Fla.1953); *Tibbetts v. Olson*, 91 Fla. 824 (Fla. 1926); and *Brecht v. Bur-Ne Co.*, 91 Fla. 345 (Fla. 1926)). "Then not only must the matter which constitutes the alleged cloud be shown but facts must be averred which give the claim apparent validity as well as those which show its invalidity." *Id.*

As noted by the defendant, the plaintiffs have failed to allege facts which show the apparent existence of a potential cloud of title. The plaintiffs have not served the purported owner of the mortgage, whose interest could potentially create such a cloud, with process. Only the loan servicer, which Count VI calls the "trustee," has been named as a defendant. Even reading the amended complaint in the light most favorable to the plaintiffs, it cannot be said that the defendant's efforts to enforce the existing mortgage obligation on behalf of a third party are enough to create a cloud upon the title to the subject property. The plaintiffs' allegations of satisfaction with the mortgage and note can be raised as an affirmative defense to any future foreclosure proceedings, but they do not support an independent cause of action. Accordingly, because the plaintiffs have failed to properly allege facts supporting a claim for quiet title, Count VI is DISMISSED.

Because the Court has dismissed the plaintiffs' amended complaint on independent bases outlined above, it does not reach the defendant's argument that the counts should be dismissed based on the plaintiffs' failure to comply with contractual "conditions precedent" to filing suit.

It is therefore

**ADJUDGED** that this Cause is **DISMISSED** without prejudice, with each party bearing its own fees and costs. Fed. R. Civ. P. 41(a)(1)(A)(ii). Further, all pending motions are DENIED as MOOT with leave to renew if appropriate.

DONE AND ORDERED in Chambers at Miami, Florida, this 6 day of May, 2013.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record